Hurd v. Hurd et al.

HURD v. HURD ET AL.

1. **Conveyance:** RESERVATION OF LIFE ESTATE WITH CONDITION ATTACHED: CONSTRUCTION. A condition inconsistent with an express grant is void, but the language expressing the condition will be construed, if possible, so as to be in harmony with the grant. So, where language was used in a deed, reserving a life estate to the grantors, and the deed further provided that "the right of the grantors aforesaid to said possession and use must be requested in writing before the first day of March of each and every year from this date," *held* that the life estate was not terminated by a failure to give the notice while in possession, nor by a temporary abandonment of the possession, but that, when out of possession, the grantors' *estate* still continued, but the *right of possession* for any particular year was conditioned only upon giving the prescribed notice in due time.

*Appeal from Guthrie District Court.*

WEDNESDAY, OCTOBER 8.

Action to quiet the title and recover the possession of certain land. Defendant, Elvira, in an answer and cross-bill, claims title and the right of possession, and alleges that a deed from her to plaintiff, under which he claims title, was procured by fraud. She prays that the deed may be set aside and her title quieted. The petition of plaintiff was dismissed, and a decree was entered granting relief to defendant. Plaintiff appeals.

*Fogg & Neal,* for appellant.

*Nourse & Kauffman,* for appellees.

BECK, J.—I. The plaintiff claims title under a deed executed by defendants, who are husband and wife and his parents. The husband filed no pleadings and made no appearance in the case. The mother, Elvira, by answer and cross-bill, alleges that the execution of the deed by her was procured through the false and fraudulent representation and promises of her husband; that she owned the land in her own right, having from her own means paid the consideration of its purchase, and that her husband, who treated her unkindly and failed to contribute to her support, induced her, by promises of kindness and reformation, to execute the deed to their son, the plaintiff. But she alleges that these promises were fraudulently made for the purpose of depriving her of her property, and were all violated by her husband. The plaintiff, in his answer to defendant's cross-bill, alleges that the land was purchased for his benefit, and paid for by property of his own, and was held in trust by defendant for him.

II. We think the evidence tends to show that possibly a large part of the consideration paid for the land was the pro-

ceeds of property left by his grandfather to the plaintiff, and that the remainder of the consideration was realized from the joint earnings of the family, and from stock raised upon the farm. We think the defendant, Elvira, fails to establish such false and fraudulent representations and promises made by her husband as will authorize us to set aside the deed to plaintiff. The plaintiff himself does not seek to enforce the trust, nor ask to have the deed reformed or set aside, but insists upon its validity.

This instrument, in addition to the usual granting clauses, contains the following recitals and conditions.    It recites that the consideration paid by defendant to her grantor for the land was money inherited by plaintiff, which was held by her to be invested in real estate, "subject to a life lease from year to year" in defendant and her husband.    It is declared that the conveyance is made "subject, however, to the aforesaid right of a life lease of the premises from year to year." Another condition is in this language: "And the grantor, Elvira Hurd, in making this deed as aforesaid, reserves the right of use, occupancy and possession during the natural life of herself and her said husband (should either desire the same) from year to year as aforesaid, but all legal title to said premises passes to said grantee.  The right of the grantor aforesaid to said possession and use must be requested in writing before the first day of March of each and every year from this date."    This language is obscure, and demands the aid of interpretation in order to ascertain its meaning.

It is very plain that the grantor intended to reserve an estate in the lands, to continue during the life of herself and husband.    The interest reserved was, therefore, a life estate. The description of the estate intended by the use of the words, "a life estate from year to year," does not imply less than a life estate, as the term is understood in the law. "A life estate from year to year" would not be an estate for years; it would run from year to year during the life or lives mentioned.

III.    We discover that the reservation in the deed creates

Hurd v. Hurd et al.

a life estate. It is not to be presumed that any language used in the instrument was intended to limit the interest reserved to less than a life estate. Indeed, under a familiar rule of the law, a condition inconsistent with an express grant is void. And no condition inconsistent with the purpose to create a life estate will be inferred from doubtful or uncertain language. Such language would rather be so construed as to be in harmony with the expressed intention to reserve a life estate. The language of the last condition quoted, viz.: "The right of the grantor aforesaid to said possession and use must be requested in writing before the first of March of each and every year from this date," does not express a limitation upon the estate granted nor a condition under which it may be terminated. It does not apply to the estate, but to the right of possession under it. It simply means that, to entitle defendant to possession the notice specified must be given. If the notice be not given, defendant is not entitled to recover the possession. The language also clearly implies that the notices affect the right only during the year in which they should be given. If no notice is given, the defendant will not have the right of possession for that particular year, but the right is not affected for coming years. If the defendant gains possession, holding the life estate and possession, she is not required to give notice each succeeding year while she keeps possession, to gain the right to continue the occupancy of the land. The language must be understood to mean that when plaintiff is out of possession she must give the notice at the time prescribed in order to entitle her to recover possession.

The evidence shows that defendant gave the required notice for the year in which the suit was brought. She is, therefore, entitled to recover possession of the land.

By the decree of the district court the title of defendant to a life estate in the land was settled and quieted. We think it is correct, and ought to be

AFFIRMED.